UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Maribel R.,<br><br>              Plaintiff,<br><br>    v.<br><br>Martin O'Malley[1], Commissioner of Social Security,<br><br>              Defendant. | Case No. 2:23-cv-00227-DJA<br><br>**Order** |

      Before the Court is Plaintiff Maribel R.'s motion for remand (ECF No. 15).  The Commissioner filed a response (ECF No. 17) and Plaintiff filed a reply (ECF No. 18).  Because the Court finds that the ALJ did not provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony regarding her migraines, the Court grants Plaintiff's motion for remand (ECF No. 15).  The Court finds these matters properly resolved without a hearing.  LR 78-1.

**I.    Background.**

    *A.    Procedural history.*

      Plaintiff filed an application for supplemental security income on July 13, 2020, alleging disability commencing June 19, 2020.  (ECF No. 15 at 3).  The Commissioner denied the claims initially and upon reconsideration.  (*Id.*).  Plaintiff requested a hearing before an administrative law judge ("ALJ") and the ALJ issued an unfavorable decision on September 30, 2021.  (*Id.*). The Appeals Council denied Plaintiff's request for review on December 27, 2022, making the ALJs decision the final decision of the commissioner.  (*Id.*).

---

[1] Martin O'Malley is now the Commissioner of Social Security and substituted as a party.

**B.     The ALJ decision.**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920(a). (AR 352-61). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 13, 2020. (AR 354). At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes, heart disease, and migraine headaches. (AR 354). At step three, the ALJ found that the Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 355-56). In making this finding, the ALJ considered Listings 4.02, 4.00D2, 9.00B5, and 11.02. (AR 355-56).

At step four, the ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) except:

> occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds. The claimant can stand or walk for up to two hours in an eight-hour period and sit for six hours in an eight-hour period. She is unable to climb ladders, ropes, or scaffolds or tolerate exposure to heights, hazards, or moving machines. The claimant is able to occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl.

(AR 356).

At step five, the ALJ found Plaintiff incapable of performing any past relevant work but that Plaintiff could perform occupations such as lens inserter, polisher, and assembler. (AR 360-61). Accordingly, the ALJ found that Plaintiff had not been disabled from July 13, 2020. (AR 361).

**II.     Standard.**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the

pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

**III.     Disability evaluation process.**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual

must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20

C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing

evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42

## IV. Analysis and findings.

### A. Whether the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony.

#### 1. The parties' arguments.

Plaintiff argues that the ALJ failed to articulate clear and convincing reasons for rejecting her testimony regarding her migraines. (ECF No. 15 at 5).  Plaintiff testified that she has one or two migraines per week, which migraines can last up to five hours. (*Id.*).  Plaintiff asserts that the ALJ failed to articulate clear and convincing reasons for rejecting this testimony for five reasons. (*Id.* at 7-10).  First, the ALJ neither specifically identified the testimony he found not to be credible nor did he explain what evidence undermined that testimony. (*Id.* at 7).  Second, the ALJ found that Plaintiff's symptoms were inconsistent with the record, but "did not inquire as to these perceived inconsistencies," shirking his role as an active participant in the inquisitorial process. (*Id.*).  Third, Plaintiff's treatment actually buttresses her testimony, indicating that she was prescribed multiple medications for her migraines and reported eight days of migraines per month to her medical providers. (*Id.* at 8).  Fourth, the ALJ discounted Plaintiff's testimony by relying on her daily activities. (*Id.* at 9).  But in doing so, the ALJ did not explain how the daily activities would be transferable to the work setting. (*Id.*).  Fifth, the ALJ's rationale in rejecting Plaintiff's testimony relies on the alleged discrepancy between the objective findings and Plaintiff's statements. (*Id.*).  But this reasoning is insufficient because excess pain is, by definition, pain that is unsupported by objective medical findings. (*Id.*).  Plaintiff asserts that the ALJ's error was not harmless because the vocational expert testified that an individual with Plaintiff's RFC who would be absent from work about eight hours per week or up to one day, but about twenty percent of the time due to headaches would not be able to perform the jobs the expert identified nor any other occupations. (*Id.* at 10).  Plaintiff thus asks that the Court remand the case to the agency for further proceedings. (*Id.*).

|   |   |
|---|---|
| 1 | The Commissioner responds that the ALJ properly articulated clear and convincing |
| 2 | reasons to reject Plaintiff's testimony because the ALJ found that her daily activities undermined |
| 3 | her allegations.  (ECF No. 17 at 3-4).  The Commissioner points out that Plaintiff testified that |
| 4 | she could not do chores around the house or even get dressed because of her impairments and that |
| 5 | she suffered from numerous migraines every week lasting from one to five hours.  (*Id.* at 4).  But |
| 6 | elsewhere, the Commissioner notes, Plaintiff admitted to caring for her four-year-old daughter |
| 7 | and fourteen-year-old son and acknowledged that she regularly attended sporting events, |
| 8 | activities which the Commissioner asserts suggest greater functionality than Plaintiff alleged. |
| 9 | (*Id.*).  The Commissioner argues that Plaintiff's motion effectively asks the Court to reweigh and |
| 10 | interpret the evidence differently than the ALJ, which the Court is not permitted to do.  (*Id.*). |
| 11 | Plaintiff replies that the Commissioner has waived certain of his arguments because he has |
| 12 | only responded to one of Plaintiff's five arguments.  (ECF No. 18 at 3-5).  Regarding the |
| 13 | Commissioner's arguments about Plaintiff's daily activities, Plaintiff asserts that she does not |
| 14 | dispute that she cares for her children and attended sporting events.  (*Id.* at 3).  But her ability to |
| 15 | do these things alone does not constitute a clear and convincing reason to reject her testimony |
| 16 | because a claimant "does not have to vegetate in a dark room to qualify for benefits."  (*Id.* at 4) |
| 17 | (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 2987)).  Plaintiff also points out that the |
| 18 | Commissioner's statement that Plaintiff could not do chores or get dressed is a |
| 19 | mischaracterization of Plaintiff's testimony.  (*Id.*).  Instead, when asked who does the chores, |
| 20 | Plaintiff stated that "medical sent me somebody to help me keep it up."  (*Id.*) (citing AR 771)). |
| 21 | She went on to state that she needed assistance because "sometimes I feel dizzy and sometimes I |
| 22 | can't get out of bed" and that sometimes she has trouble putting on her shoes.  (*Id.*) (citing AR |
| 23 | 771-72)).  Ultimately, because the Commissioner failed to explain how the ALJ articulated clear |
| 24 | and convincing reasons, supported by substantial evidence, to reject Plaintiff's testimony, the |
| 25 | Court should remand for further proceedings.  (*Id.* at 5). |
| 26 |         2.    <u>Analysis.</u> |
| 27 | The ALJ must make two findings before the ALJ can find a claimant's pain or symptom |
| 28 | testimony not credible.  42 U.S.C. § 423(d)(5)(A) (explaining that "[a]n individual's statement as |

to pain or other symptoms shall not alone be conclusive evidence of disability" absent additional findings). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide "specific, clear and convincing reasons for" rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Because the "grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based," the agency must explain its reasoning. *Securities and Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 87 (1943); *Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). The Ninth Circuit thus requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines the testimony." *Treichler*, 775 F.3d at 1102 (citing *Bunnell*, 947 F.2d at 346 and *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). That means "[g]eneral findings are insufficient." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (superseded on other grounds); *see Holohan*, 246 F.3d at 1208 (concluding "that the ALJ's credibility determination was erroneous" because it was based on the ALJ's characterization of "the 'record in general'"). The Ninth Circuit has also held that only if a claimant's level of activity was inconsistent with that claimant's limitations would those activities have any bearing on the claimant's credibility. *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). If a claimant's daily activities are consistent with that claimant's statements about her impairments, those daily activities do not satisfy the requirement of a clear, convincing, and specific reason to discredit the claimant's testimony. *Id.*

An ALJ must specifically identify the testimony he finds not credible and why. *Treichler*, 775 F.3d at 1102-1103. "An ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is

insufficient for our review." *Id.* (internal quotations omitted). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Id.*

Here, the Court finds that the ALJ did not provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony regarding her migraines. First, the ALJ did not specifically identify whether he found Plaintiff's testimony regarding her migraines uncredible and did not identify specific evidence that undermined that testimony. Plaintiff testified that she had one or two migraines per week, lasting about five hours each. (AR 769). But in addressing Plaintiff's testimony about her subjective symptoms, the ALJ stated only that Plaintiff "stated that her…daily headaches…prevented her from working." (AR 357). The ALJ also failed to identify what evidence undermined that specific testimony, instead referring generally to the fact that "the claimant described daily activities, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (AR 357).

Second, the ALJ did not explain why the record was inconsistent with Plaintiff's migraine testimony. The ALJ noted that "there are inconsistencies in the record calling into question [Plaintiff's] alleged intensity, persistence and limiting effects of symptoms." (AR 357). The ALJ then went on to describe records showing that Plaintiff complained of "headache correlating with migraine with photophobia, throbbing, non-radiating with no aura [and]…daily headaches lasting four to five hours." (AR 358). The ALJ also described her treatment, consisting of multiple medicines, one of which caused "tiredness and blurry vison," and three of which failed. (AR 358). The ALJ stated that "[w]hile [Plaintiff] had problems with her migraine medication, the medical professionals continued to prescribe different medications to find one that worked best for her." (AR 358-59). But the ALJ did not provide any analysis about *why* Plaintiff's treatment is inconsistent with her testimony that she had five-hour migraines one to two times per week. (AR 769). He simply listed it without analysis.

Third, Plaintiff is correct that certain of the evidence—including certain of which the ALJ used to discredit her testimony—is actually consistent with her testimony. Plaintiff points to portions of the record indicating that Plaintiff was prescribed multiple medications for her

migraines which either caused side effects or did not work and that Plaintiff reported having eight[2] headache days per month. (AR 312, 570, 574, 618, 623, 727, 741, 1380, 1554-56, 1590, 2988, 2989, 3136, 3139). The ALJ acknowledged the evidence that Plaintiff had tried multiple medications for her migraines, but concluded without explanation that this evidence was somehow inconsistent with Plaintiff's testimony because "the medical professionals continued to prescribe different medications to find one that worked best for her." (AR 358-59).

Fourth, the ALJ relied on Plaintiff's daily activities to discount Plaintiff's testimony, however, the ALJ did not explain how those activities were inconsistent with Plaintiff's migraine testimony. Plaintiff's argument on this point is the only one to which the Commissioner responded, asserting that Plaintiff's ability to care for her children and attend sporting events conflicted with Plaintiff's complaints that she could not do chores or get dressed because of her impairments. But the Commissioner does not acknowledge that, when Plaintiff testified that she received help from a home health aide to do chores and that she struggled to put on shoes, Plaintiff did not reference her migraines as affecting these activities. (AR 771-72). Instead, she referenced that she sometimes feels dizzy and can't get out of bed and that she feels out of breath because of her heart condition. (AR 771-72). But even if she did assert that her migraines affected her ability to do chores and put on shoes, the Commissioner does not acknowledge that Plaintiff did not testify that she dealt with migraines all the time, only once or twice a week. She could thus possibly conduct activities the Commissioner asserts are inconsistent with her testimony when she is not experiencing a migraine. The ALJ also failed to acknowledge this. The ALJ noted that while Plaintiff had problems with her migraine medication, Plaintiff "stated that she walked for travel, shopped in stores, took care of her two children, spent time with others, and attended sporting events." (AR 358-59). However, these daily activities are not necessarily inconsistent with Plaintiff's testimony that she experiences migraines one to two times per week

---

[2] The record to which Plaintiff points for this appears to indicate that Plaintiff reported six headache days per month, not eight. (AR 570). However, the Commissioner does not address this point in response, and the two-day difference does not ultimately affect the Court's conclusion.

for five hours each.  Indeed, it is entirely possible that Plaintiff only does these activities when she is not experiencing migraines.  But the ALJ does not explain this point.

Fifth, Plaintiff did not explain what discrepancies between the objective medical evidence and Plaintiff's statements that he relied on in rejecting her testimony.  The ALJ noted that the "record as a whole contains objective findings related to the claimant's physical impairment but not to the levels alleged" and then pointed to the fact that Plaintiff "had problems with her migraine medication, [but] the medical professionals continued to prescribe different medications to find the one that worked best for her."  (AR 358-59).  It is not clear that the fact that Plaintiff's prescribed medication was not working for her is inconsistent with Plaintiff's testimony regarding her migraines.  And the ALJ does not explain how it is.  The ALJ also describes other portions of the objective findings, like Plaintiff's brain MRIs.  (AR 358).  But the ALJ did not otherwise explain how those findings were inconsistent with Plaintiff's migraine testimony.

The Court thus finds that the ALJ erred in not providing specific, clear, and convincing reasons for rejecting Plaintiff's migraine testimony.  This error was not harmless.  As Plaintiff points out, the vocational expert testified that an individual with Plaintiff's RFC who "would be absent from work approximately eight hours per week or up to one day but about 20 percent of the time due to the effects of headaches" could not perform the jobs identified or other jobs.  (AR 776).  The Court thus grants Plaintiff's motion to remand and remands this case back to the agency to analyze the credibility of Plaintiff's migraine testimony.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (ECF No. 15) is **granted.**

**IT IS FURTHER ORDERED** that this case be **remanded** for further proceedings to analyze the credibility of Plaintiff's migraine testimony.

**IT IS FURTHER ORDERED** that Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: February 1, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE